UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MANUEL PUCHA,

        Plaintiff,

v.

HENRY ERLICH, et al.,

        Defendants.

Civil Action No. 06-1982(FLW)

**ORDER**

---

**THIS MATTER** having been opened to the Court by Frank Holahan, Esq., counsel for New Jersey Division of State Police, Joseph R. Fuentes, State of new Jersey and Trooper Steven McGuinness (collective "State Defendants"), on a motion for summary judgment; it appearing that this case arises out of a traffic accident involving Plaintiff Manuel Pucha ("Plaintiff") and co-defendant Henry Erlich; it appearing that Plaintiff brings this suit against the State Defendants alleging that (1) Trooper McGuinness negligently executed his ministerial duties as a state trooper; (2) that Trooper McGuinness and Superintendent Fuentes, individually and jointly, acted with deliberate indifference and/or gross negligence depriving Plaintiff of his federal constitutional rights; and (3) that the Division of State Police is vicariously liable because Fuentes and Trooper McGuinness were acting in scope of their employment; it appearing that the Court held oral argument on April 15, 2009, wherein the Court heard arguments solely related to the federal constitutional claims; it further appearing that the Court found applicable the state-created danger test set forth by the Third Circuit in Sanford v. Stiles, 456 F.3d 298, 304-05 (3d Cir. 2006); it appearing that, specifically, to prevail on a state-created danger claim, a plaintiff must prove: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of

culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all; it appearing that with respect to the second element, the degree of culpability, even if the Court, in the light most favorable to Plaintiff, applies the most liberal standard - deliberate indifference - no reasonable jury would find that Trooper McGuinness' conduct was deliberately indifferent to Plaintiff's safety so as to shock the conscience; it further appearing that Plaintiff also has not proven his prima facie case by failing to demonstrate that Trooper McGuinness exercised his authority in a way that rendered Plaintiff more vulnerable to danger by removing Plaintiff from the shoulder of the New Jersey Turnpike to the Townhouse Motel, a public accommodation; accordingly, Plaintiff's federal constitutional claims against all defendants fail; it appearing that the Court, having found that Plaintiff's federal constitutional claims are without merit, declines to exercise supplemental jurisdiction over the remaining state law claims - namely, the negligence claim against the State Defendants and the negligence claim against defendant Erlich, see Hedge v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)(recognized that if the district court has dismissed all claims over which it has original jurisdiction, the court must decline to decide pendent state claims unless "considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so"); the Court having reviewed the motion, opposition and reply papers in connection with the motion and having heard oral argument on April 15, 2009, for the reasons set forth on the record, and for good cause shown,

**IT IS** on this 16th day of April, 2009,

**ORDERED** that the State Defendants' motion is granted with respect to Plaintiff's federal claims arising under the Constitution as alleged in Count III of the Complaint;

**ORDERED** that the State Defendants' motion is denied without prejudice with respect to Plaintiff's state law claims as alleged in Counts II and IV;

**ORDERED** that all remaining state law claims, Count I, against defendant Erlich, and Counts II and IV against the State Defendants, are remanded to New Jersey Superior Court, Law Division, Mercer County for further proceedings; it is further

.    **ORDERED** that the case shall be marked **CLOSED**.


    /s/   Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge